UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE B. SERIGNY<br>INDIVIDUALLY AND ON BEHALF<br>OF THE ESTATE OF WAYNE<br>SERIGNY | CIVIL ACTION |
| VERSUS | NO: 10-3205 |
| LAFOURCHE PARISH<br>GOVERNMENT THROUGH<br>CHARLOTTE RANDOLPH PARISH<br>PRESIDENT, ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Charlotte Randolph, in her capacity as Lafourche Parish President and the Lafourche Parish Government (Doc. #69), is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This matter is before the court on the Lafourche Parish Government's motion for summary judgment. It argues that it cannot be held liable under Louisiana law for any of the healthcare defendants' actions.

Plaintiff, Jackie B. Serigny, filed this action on behalf of herself and the estate of her husband Wayne A. Serigny. Plaintiff alleged that the Lafourche Parish Government, the Lafourche Parish Sheriff's Office, the Lafourche Parish Detention Center, Sheriff Craig Webre, Warden Alan Abadie, Assistant Warden Cortrell Davis, Deputy John Roe, Stacy Rembert, RN, Medical Assistant Delisyee Morris, Kathy Walker, LPN, Stacey Greene, M.D., and Correcthealth Lafourche, LLC are liable under 42 U.S.C. § 1983 for violating her husband's Eighth Amendment right to be free from cruel and unusual punishment. She also alleged that they are liable for in tort under Louisiana state law.

On September 21, 2009, Wayne Serigny, was sentenced to serve 30 days in the Lafourche Parish Detention Center. At the time of sentencing, the judge ordered the courtroom deputy to ensure that Serigny keep a scheduled doctor's appointment on September 22, 2009, but Serigny was not taken to the appointment.

During his incarceration, Serigny complained of pain in his throat and mouth. He requested medical treatment daily. After two weeks, he could not eat, drink, walk, or talk. Serigny was taken to the prison infirmary, where the staff, who is contracted through Correcthealth Lafourche, LLC, concluded that the pain was due to the extraction of all of his teeth in April 2009. He lost 27 pounds while incarcerated. He was not taken to an outside doctor.

Upon his release from the jail, on October 21, 2009, Serigny sought medical treatment from his personal physician, and a specialist. Serigny was diagnosed with throat cancer. He was treated at Terrebonne General Medical Center until he was released to hospice where he died on December 16, 2009. Plaintiff alleges that Serigny's treating physicians stated that his chances of survival would have been greatly increased if he had been treated sooner.

Charlotte Randolph, in her capacity as Lafourche Parish President and the Lafourche Parish Government (the "Lafourche Parish Government"), filed a motion to dismiss, arguing that plaintiff did not state a cause of action for violations of the Eighth Amendment. The court denied the motion, finding that plaintiff sufficiently alleged an issue of fact regarding whether prison officials were deliberately indifferent to Serigny's serious medical needs when they refused to treat Serigny, ignored his complaints, or intentionally treated him incorrectly.

Healthcare defendants Stacy Rembert, RN; Delisyee Morris, Medical Assistant; Kathy Walker, LPN; Stacey Greene, M.D.; and Correcthealth filed a motion to dismiss plaintiff's § 1983 claims against them. On April 24, 2011, the court granted the motion as to plaintiff's individual capacity § 1983 claims against the healthcare defendants, finding that they were entitled to qualified immunity because there was no evidence that they were deliberately indifferent to Serigny's complaints. The court denied the motion as to plaintiff's official capacity § 1983 claims against the healthcare defendants, finding that such claims were claims against the Lafourche Parish Government, and plaintiff had stated a claim against the parish government.

On May 24, 2011, the healthcare defendants filed a motion to reconsider this court's denial of their motion to dismiss as to plaintiff's § 1983 official capacity claims against them. The court granted the motion to reconsider, and dismissed plaintiff's § 1983 official capacity claims against the healthcare defendants.

On October 6, 2011, the Lafourche Parish Government filed a motion for relief from the court's March 2, 2011, order denying its motion to dismiss. It argues that it cannot be held liable to plaintiff because the parish does not employ any of the prison officials at the Lafourche Parish Detention Center, and the claims against the healthcare defendants with whom it had a contract have been dismissed. This court denied the motion finding that plaintiff may maintain her Louisiana law tort claims against the Lafourche Parish Government that stem from the healthcare defendants' actions.

On May 29, 2012, the Lafourche Parish Government filed a motion for summary judgment arguing that it cannot be held liable under Louisiana law for any of the healthcare defendants' actions, because it did not breach a duty it owed to Serigny. Specifically, it argues that it is not liable

3

to plaintiff in tort because it complied with its legal duties under Louisiana Revised Statutes § 15:703. Plaintiff argues that summary judgment is premature because little discovery has been conducted. This court finds that further discovery is unnecessary to decide the merits of the Lafourche Parish Government's motion for summary judgment.

## ANALYSIS

**A.  Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.  The Lafourche Parish Government's Motion for Summary Judgment**

The Lafourche Parish government argues that it is entitled to summary judgment because it fulfilled its obligation of obtaining a health care provider to provide medical care to the inmates in the Lafource Parish Detention Center.

4

Under Louisiana law, the parish governing authority "is responsible for the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed." O'Quinn v. Manuel, 773 F.2d 605, 609 (5th Cir. 1985) (quoting Amiss v. Dumas, 411 So.2d 1137, 1141 (La Ct. App. 1982)). Pursuant to La. Rev. Stat. § 15:703, the parish governing authority is responsible for ensuring that the jail has a health care provider, and for funding the prisoners' medical care. However, the sheriff is responsible for overseeing how the medical care is provided because he controls the inmates of the jail, its employees, and its daily operations. See id.; see also LA. REV. STAT. §§ 15:703. 33:1435.

La. Rev. Stat. § 15:703, which codifies the parish governing authority's responsibility regarding inmate health care, provides, in pertinent part:

\* \* \*

> B. In lieu of appointing a physician, the governing authority of any parish may enter into a contract with a health care provider, licensed or regulated by the laws of this state, to provide requisite health care services, as required in this Section. The term "health care provider" as used in this Subsection means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or regulated by the laws of this state to provide health care services or professional services as a physician and qualified as such in accordance with R.S. 40:1299.42.

\* \* \*

> D. The sole responsibility of the governing authority of each parish which is mandated by the provisions of this Section with respect to providing health care services for prisoners shall be the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section. The parish and its governing authority shall not be liable for any action arising as a result of the actions or

> inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury.

Correcthealth is a limited liability company registered and in good standing with the Louisiana Secretary of State. Stacy Blackman, the Chief Legal Officer for Correcthealth Companies, declared in her affidavit that the Lafourche Parish Government contracted with Correcthealth to provide healthcare to the inmate in the Lafourche Parish Detention Center. She also declared that all clinical staff members of Correcthealth are licensed or certified heath care providers in the State of Louisiana. As such, the Lafourche Parish government fulfilled its obligation under La. Rev. Stat. §15:703 to "enter into a contract with a heath care provider . . . to provide requisite health care services," and cannot be held liable to plaintiff under La. Rev. Stat. §15:703(D). Therefore, the Lafourche Parish Government fulfilled its statutory duty, and is entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Charlotte Randolph, in her capacity as Lafourche Parish President and the Lafourche Parish Government (Doc. #69), is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 15 day of August, 2012.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE