UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACKIE B. SERIGNY INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WAYNE SERIGNY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-3205** |
| **LAFOURCHE PARISH GOVERNMENT THROUGH CHARLOTTE RANDOLPH PARISH PRESIDENT, ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Declare Judgment as Final (Doc. #120) is **GRANTED**.

Plaintiff filed a motion seeking entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on this court's August 16, 2012, Order and Reasons (Doc. #82), in which the court granted a motion for summary judgment filed by Charlotte Randolph, in her capacity as Lafourche Parish President and the Lafourche Parish Government, dismissing all of plaintiff's claims against them with prejudice. Plaintiff also seeks an entry of final judgment as to this court's November 13, 2012, Order and Reasons (Doc. #94), denying plaintiff's motion to amend the August 16, 2012 Order and Reasons. Plaintiff's claims against other defendants remain pending.

Rule 54(b) provides, in pertinent part:

> when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. PYCA Industries, Inc. v. Harrison County Waste Water, 81 F.3d 1412, 1421 (5th Cir.1996) (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2nd Cir.1985)). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. In deciding whether there is no just reason for delay, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir.1992) (citation omitted).

This court finds that there is no just reason for delaying entry of a final judgment to allow plaintiff to appeal the court's August 16, 2012, Order and Reasons (Doc. #82) granting Randolph's and the Lafourche Parish Government's motion for summary judgment, and this court's November 13, 12, Order and Reasons (Doc. #94) denying plaintiff's motion to amend the August 16, 2012, Order and Reasons. Thus, plaintiff's motion for entry of judgment is GRANTED to avoid the hardship and injustice that would result if this case proceeded to trial on the claims against the remaining parties.

New Orleans, Louisiana, this  27th  day of March, 2013.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**