UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE B. SERIGNY INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WAYNE SERIGNY | CIVIL ACTION |
| VERSUS | NO: 10-3205 |
| LAFOURCHE PARISH GOVERNMENT THROUGH CHARLOTTE RANDOLPH PARISH PRESIDENT, ET AL. | SECTION: "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Sheriff Craig Webre, Alan Abadie and Cortrell Davis (Doc. #124) is **GRANTED**. Plaintiff's claims against Sheriff Craig Webre, Alan Abadie and Cortrell Davis under 42 U.S.C. §§ 1983 and 1988[1] are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's Louisiana state law claims against Sheriff Craig Webre, Alan Abadie, Cortrell Davis, Correcthealth Lafourche, LLC, Stacy Rembert, Delisyee Morris, Kathy Walker and Dr. Stacey Greene are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendants, Craig Webre, the Sheriff of Lafourche Parish; Warden Allen Abadie; and, Assistant Warden Cortrell Davis. They argue that they are entitled to summary judgment because plaintiff, the widow of a former Lafourche Parish inmate, did not demonstrate the deliberate indifference required to sustain

---

[1] Plaintiff alleges that the defendants are liable for attorneys' fees under 42 U.S.C. § 1988. Because plaintiffs' claims for violations of Wayne A. Serigny's constitutional rights have been dismissed, this claim is also DISMISSED WITH PREJUDICE.

a claim under the Eighth Amendment, they were not responsible for providing medical care to inmates, and the facts of the case demonstrate that plaintiff does not have a cause of action (Doc. #124).

Plaintiff, Jackie B. Serigny, filed this action on behalf of herself and the estate of her late husband Wayne A. Serigny.  Plaintiff alleges that the defendants, Sheriff Craig Webre, Alan Abadie, Cortrell Davis, Correcthealth Lafourche, LLC (the medical provider hired by Lafourche Parish to treat inmates), Stacy Rembert, Delisyee Morris, Kathy Walker, Dr. Stacey Greene, and the Lafourche Parish Government through Parish President Charlotte Randolph, are liable under 42 U.S.C. § 1983 for violating her husband's rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.[2]  She also alleges that they are liable under Louisiana law for intentional infliction of emotional distress, negligence, medical malpractice, wrongful death and lost chance of survival.

On September 21, 2009, Wayne Serigny, after being convicted of driving under the influence for the third time, was sentenced to serve 30 days in the Lafourche Parish Detention Center.  At the time of sentencing, the judge ordered the sheriff's deputy to make sure that Serigny was taken to a scheduled doctor's appointment with Dr. Duplechain, a gastroenterologist, on September 22, 2009, but Serigny was not taken to the appointment.  The defendants contend that Serigny declined to attend the appointment because he was embarrassed to be taken there as an inmate.

---

[2] Plaintiff mentions the Fourth, Fifth and Fourteenth Amendments in passing and does not allege any facts to support such claims.  The crux of her claim is a violation of the Eighth Amendment.  Therefore, the other claims are deemed waived and will not be addressed.  See Brewster v. Dretke, 587 F.3d 764, 768 n. 2 (5th Cir. 2009).

When Serigny was incarcerated, Delisyee Morris, a Correcthealth Medical Assistant, conducted an intake screening. According to the report, Serigny did not show any signs of illness, injury, bleeding or pain that suggested a need for immediate medical referral, and he denied fever, chills, night sweats, or weight loss. A progress note from September 21, 2009, states that Serigny requested that his appointment with Dr. Duplechain be rescheduled by his family and the nurse told him to report any rectal bleeding, which he stated he understood.

On September 24, 2009, Serigny complained of aches, neck pain, and a tooth ache. The next day, the Correcthealth nurses received orders from Dr. M. Becnell to administer to plaintiff one gram of Tylenol for the next seven days. On September 27, 2009, Serigny again complained of headaches, neck pain and toothache. The nurse asked to see the tooth, and discovered that Serigny had no teeth. Serigny asked for Vicodin and Ambien, and the nurse informed him that the jail protocol prevented the administering of those medications.[3] The nurse prescribed Tylenol and referred Serigny to Physician's Assistant Brittany Booth. On September 29, 2009, Serigny reported neck pain, headache and the inability to sleep. Walker, a Licensed Practical Nurse, noted that he was already receiving medication for his pain.[4]

On September 30, 2009, Booth examined Serigny, and noted that his headaches and neck pain began after an accident in 2006. Serigny also told Booth that he had an aneurysm and took migraine pills. He stated that his pain was in the right neck and head. Booth recorded Serigny's vital signs, conducted an examination, noted a limited range of motion in his neck, and diagnosed

---

[3] Serigny had a history of substance abuse, including exhibiting drug-seeking behavior by obtaining pain pill prescriptions from multiple doctors at the same time. He also tested positive for marijuana in April 2009.

[4] Plaintiff argues that the sheriff has not produced any documentation from the jail, apart from the medical records, to document that Serigny received any medication in the prison in September.

3

musculoskeletal pain and a headache. She ordered that the Tylenol be discontinued and prescribed percogesic for pain, twice daily, for fourteen days.

On October 1, 2009, Serigny reported that he "came in with an abscess in my mouth and the pain is getting worse," and that "the right side of my throat is swollen and I'm in constant pain and it's very hard for me to swallow." Because of these complaints, he was referred to Dr. Stacey Greene, physician who is board certified in internal medicine with a sub-specialty in infectious diseases.

On October 2, 2009, Dr. Greene examined Serigny and noted swelling of the right side of his neck, with a history of chronic neck pain, and treated him with Amoxicillin due to possible infection. Dr. Greene also prescribed Neurontin for Serigny's chronic neck pain and instructed him to return for a follow-up in two weeks.

On October 10, 2009, Serigny requested to see a dentist due to the alleged pain in his wisdom teeth. The medical personnel noted that Serigny was already receiving pain medication and referred him to the dentist.

On October 11, 2009, Serigny complained of a tooth growing sideways in his gums and cutting his tongue, making it hard for him to eat and speak. Walker, a licensed practical nurse employed by Correcthealth, informed him that he was to receive pain medication for two more days and was on the list to see the dentist.

On October 15, 2009, Serigny noted that the Amoxicillin he received for his throat and neck was starting to work, but ran out, and reported that pain returned at the end of the medication. Walker informed Serigny that he was on the list to see the doctor and started him on percogesic for his pain.

On October 16, 2009, Dr. Greene examined Serigny, who was complaining of pain with swallowing and pain in the right neck area. Dr. Greene observed that Serigny had a hard cervical lymph node on the right side of the neck. He performed an examination and noted a whitish exudate in Serigny's mouth. Dr. Greene prescribed antibiotics and an anti-fungal medication, and ordered additional testing, with a follow-up appointment in two weeks. Serigney was released from jail on October 20, 2009, before the follow-up appointment.

Plaintiff alleges that Serigny requested medical treatment daily, but that most of his requests were ignored by the correctional officers or medical personnel. Plaintiff alleges that the above outlined medical care was inadequate, because after two weeks, he could not eat, drink, walk, or talk, and he lost 27 pounds while incarcerated. He was not taken to an outside doctor.

After his release from the jail, on October 21, 2009, Serigny sought medical treatment from his personal physician, and a specialist. Serigny was diagnosed with throat and lung cancer. He was treated at Terrebonne General Medical Center until he was released to hospice where he died on December 16, 2009. Plaintiff alleges that Serigny's treating physicians stated that his chances of survival would have been greatly increased if he had been diagnosed and treated sooner.

The Lafourche Parish Government filed a motion to dismiss arguing that plaintiff did not state a cause of action for violations of the Eighth Amendment (Doc. #15). The court denied the motion finding that plaintiff sufficiently alleged a claim regarding whether prison officials were deliberately indifferent to Serigny's serious medical needs when they refused to treat Serigny, ignored his complaints, or intentionally treated him incorrectly (Doc. #25).

The healthcare defendants filed a motion to dismiss plaintiff's § 1983 claims against them (Doc. #27). The individual healthcare defendants argued that they were entitled to qualified

immunity in their individual capacities. Also, the individual healthcare defendants and Correcthealth argued that plaintiff did not plead a policy, custom, or practice sufficient to sustain § 1983 claims against them in their official capacities. The court granted the motion as to the defendants' individual capacities finding that plaintiff did not allege any specific acts by Rembert, Morris, Walker or Greene, much less that any of those defendants acted with a culpable state of mind to unnecessarily and wantonly inflict pain on Serigny (Doc. #34). However, the court denied the motion as to the official capacity claims because those claims were essentially claims against the Lafourche Parish Government, whose motion to dismiss had been denied. Id. On reconsideration, the court granted the motion to dismiss as to the individual capacity claims, finding that "[w]ithout evidence of subjective deliberate indifference, the court cannot find that the healthcare defendants are liable in their official capacities, and the healthcare defendants are entitled to summary judgment on plaintiff's official capacity claims against them" (Doc. #42). Based on that ruling, the Lafourche Parish Government moved for leave to file a motion for reconsideration of the court's order denying its motion to dismiss (Doc. #45), but the court denied leave (Doc. #55).

Thereafter, Charlotte Randolph, in her capacity as Lafourche Parish President, and the Lafourche Parish Government moved for summary judgment on plaintiff's claims, arguing that they fulfilled their statutory duty to provide healthcare to inmates by contracting with Correcthealth (Doc. #69). The court granted the motion, finding that the Lafourche Parish Government complied with Louisiana Revised Statute § 15:703 by contracting with Correcthealth because all of the healthcare providers were properly qualified and licensed (Doc. #82). The court denied the plaintiff's motion for reconsideration (Doc. #94). Plaintiff appealed those decisions, and the United States Court of

Appeals for the Fifth Circuit affirmed this court's decisions dismissing plaintiff's claims against Randolph and the Lafourche Parish Government.

Thus, plaintiff's remaining claims against Webre, Abadie and Davis are § 1983 and 1988 claims for violations of Serigny's rights guaranteed by the Eighth Amendment of the Constitution of the United States and Louisiana state law claims. Plaintiff's remaining claims against the healthcare defendants are Louisiana state law claims. Webre, Abadie and Davis moved for summary judgment on all of plaintiff's claims against them.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      Plaintiff's § 1983 Official Capacity Claims Against Abadie and Davis**

Plaintiff alleges that Webre, Abadie and Davis are liable under § 1983 for violating Serigny's Eighth Amendment right to be free from cruel and unusual punishment in their official and individual capacities because they were "endowed with responsibility regarding the provision of security, health and medical services to persons in the custody of the Lafourche Parish Detention Center and [were] charged with responsibility to ensure that all prisoners under [their] jurisdiction were protected and received timely and adequate medical treatment." She alleges that each of them was "responsible for the policies, practices, and customs of the Lafourche Parish Detention Center, as well as the hiring, training, control, supervision, and discipline of its correction officers and other personnel."

**1.   Section 1983**

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018 (1978). Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Hous., 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

To pursue a claim under section 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and; (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Sw. Bell Tel., LP v. City of Hous., 529 F.3d 257, 260 (5th Cir. 2008); see also West v. Atkins, 108 S.Ct. 2250, 2255-54 (1988).

Plaintiff alleges that Webre, Abadie and Davis violated Serigny's rights guaranteed by the Eighth Amendment of the Constitution of the United States, and were "acting under the color of law

8

and pursuant to their authority as sheriff's personnel" while Serigny was incarcerated. Therefore, plaintiff has alleged a claim under § 1983. However, the defendants argue that they did not violate Serigny's Eighth Amendment right to be free from cruel and unusual punishment because there is no evidence that they acted with deliberate indifference to Serigny's serious medical needs.

### 2. Eighth Amendment

The Eighth Amendment of the Constitution of the United States prohibits cruel and unusual punishment. The Eighth Amendment is violated when prison officials show deliberate indifference to a prisoner's serious medical needs, which constitutes an "unnecessary and wanton infliction of pain." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976) (citing Gregg v. Georgia, 96 S.Ct. 2909, 2925 (1976)). Further, to violate the Eight Amendment, a prison official must have a "sufficiently culpable state of mind." Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (quoting Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991)). Deliberate indifference is "an extremely high standard to meet," and incorrect medical diagnosis or disagreement with a course of medical treatment are insufficient. Chapman v. Pace, 353 Fed. Appx. 955, 957 (5th Cir. 2009) (citations omitted). "To survive dismissal, [a plaintiff] must come forward with a triable issue of fact that officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### 3. Official Capacity Claims

Plaintiff alleges that Webre, Abadie and Davis violated Serigny's Eighth Amendment right to be free from cruel and unusual punishment in their official capacities by failing to provide proper medical care to address his complaints.

### a. Abadie and Davis

Under Louisiana law, the sheriff is the keeper of and the policy maker for the parish jail. LA. REV. STAT. § 33:1435; Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La. 1981). Because Abadie and Davis were not policy makers, as plaintiff alleges, plaintiff cannot maintain official capacity claims against them under § 1983, and those claims are DISMISSED WITH PREJUDICE.

### b. Sheriff Webre

Plaintiff's § 1983 claim against Sheriff Webre is governed by the Monell doctrine. See Woodard v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005) (citing Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018, 2035 n.55 (1978)). A local governmental body is liable for damages under § 1983 for constitutional violations resulting from official municipal policy. See Monell, 98 S.Ct. at 2035-36. A municipality or government body cannot be held vicariously liable under § 1983 for the constitutional torts of its employees or agents. Id. at 2037.

To establish liability for a constitutional violation against a governmental body, the plaintiffs must prove three elements: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell, 98 S.Ct. at 2037. Section 1983 does not permit municipal liability predicated on respondeat superior. Bd. of Comm'rs of Bryan Cnty. v. Brown, 117 S.Ct. 1382, 1388 (1997). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff argues that Webre, the policymaker, was deliberately indifferent to Serginy's serious medical needs because he did not supervise the medical personnel, did not know where the medical unit was in the jail, and his deputies disregarded Serginy's medical requests. These arguments fail to establish an official policy that was the moving force behind a violation of Serginy's Eighth Amendment right. This court has already dismissed plaintiff's § 1983 Eight Amendment claims against the healthcare defendants finding that she did not allege any specific acts by Rembert, Morris, Walker or Greene, nor that any of those defendants acted with a culpable state of mind to unnecessarily and wantonly inflict pain on Serigny, and that there was no subjective evidence of deliberate indifference. Considering the number of times Serginy received requested medical attention during his short incarceration, there is no evidence that Webre had a policy of directing the deputies to refuse medical requests or failing to provide medical care to inmates, and plaintiff's claims against the healthcare defendants are more akin to claims for medical malpractice or negligence, not a violation of the Eighth Amendment. Therefore, Sheriff Webre is entitled to summary judgment on plaintiffs' § 1983 claim against him, and that claim is DISMISSED WITH PREJUDICE.

**4. Individual Capacity Claims**

Plaintiff alleges that Webre, Abadie and Davis are liable in their individual capacities. However, she has failed to state a proper claim against them in their individual capacity. "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than constitutional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citations omitted). Additionally, "[p]ersonal involvement is an essential

11

element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no factual allegations against Webre, Abadie or Davis, and has not alleged that any of them was in any way personally involved in the events giving rise to her claims. Therefore, plaintiff has not properly stated individual capacity claims against Webre, Abadie and Davis, and any such claims are DISMISSED WITH PREJUDICE.

**C.  Plaintiff's State Law Claims**

Plaintiff asserts claims under Louisiana state law against Sheriff Webre, Abadie, Davis, Correcthealth, Rembert, Morris, Walker, and Dr. Greene. Because plaintiff's federal claims have all been dismissed, the court declines to exercise jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") Accordingly, plaintiff's state law claims against Sheriff Webre, Abadie, Davis, Correcthealth, Rembert, Morris, Walker, and Dr. Greene are DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Sheriff Craig Webre, Alan Abadie and Cortrell Davis (Doc. #124) is **GRANTED**. Plaintiff's claims against Sheriff Craig Webre, Alan Abadie and Cortrell Davis under 42 U.S.C. §§ 1983 and 1988 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's Louisiana state law claims against Sheriff Craig Webre, Alan Abadie, Cortrell Davis, Correcthealth Lafourche, LLC, Stacy Rembert, Delisyee Morris, Kathy Walker and Dr. Stacey Greene are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this  28th day of May, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**